IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JIMMIE LEE SIMPSON                                                        PLAINTIFF

V.                              NO. 3:07cv00064 JMM

ANTHONY'S FUNERAL HOME, et al                             DEFENDANTS

### ORDER

On May 22, 2007, Plaintiff, a pro se inmate currently confined to the Crittenden County Detention Facility on a probation revocation violation, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3). On May 30, 2007, Plaintiff filed an amended complaint (docket entry #5).

### I. Background

According to Plaintiff's original complaint, he was released from the Arkansas Department of Correction on March 1, 2006. When he went to the Marion County courthouse to pay taxes on a home his mother had passed to him, he learned that Defendant Anthony's Funeral Home had filed legal documents stating that he was deceased and granting the deed to his home to Plaintiff's nieces and nephews. Plaintiff alleges that this left him homeless. He further states that this matter was handled through the probate court. As relief, Plaintiff requests the return of the deed to his home as well as $5,000,000 in damages for pain and suffering and mental stress. In his amended complaint Plaintiff adds attorney James D. Sutton as a Defendant, alleging that he failed

to read and verify the information contained on the falsified documents from Anthony's Funeral Home before he filed them in the probate court.

After granting Plaintiff in forma pauperis status (docket entry #3), he was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee. Id. § 1915A.

## II. Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro

2

se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

### III. Analysis

The edicts of § 1983 are clear and mandate the dismissal of Plaintiff's case:

> Every person who, <u>under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia</u>, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the <u>deprivation of any rights, privileges, or immunities secured by the Constitution and laws</u>, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. (emphasis added). Plainly, § 1983 relief is predicated on the action of a state actor. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)); Dean v. Olibas, 129 F.3d 1001, 1005 (8th Cir. 1997) ("to occur under color of law, conduct causing the deprivation of a civil right must be 'fairly attributable to the State'") (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). The Supreme Court has set forth a two-part test for analyzing whether conduct fits this description. This Court first must ask "whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority." Lugar, 457 U.S. at 939. Stated another way, the injury complained of must have been "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Id. at 937. If this question is answered affirmatively, then the

3

Court must determine if the private party charged with the deprivation could be described in all fairness as a state actor. Id.; see also Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620 (1991).

Plaintiff's case fails at the initial inquiry because none of the Defendants are "state actors" amenable to suit under § 1983. Anthony's Funeral Home, which may be licensed by the state, is nevertheless a private business, Jackie Simpson is a clerk at Southland Race Track & Gaming in West Memphis, Arkansas, Carolyn Simpson is a driver for the West Memphis Sanitation Department, and James D. Sutton is an attorney in West Memphis, Arkansas. With no state actor there can be no constitutional violation; therefore, there is no basis to award Plaintiff the relief he seeks. Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000).

Even if Plaintiff could establish the existence of a state actor, his claim still fails. Section 1983 relief is also "predicated on the denial of a right or interest protected by the Constitution." Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir.1995) (quoting Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama, 906 F.2d 571, 573 (11th Cir. 1990)) (where there is no constitutional violation, there is no basis for a § 1983 claim). Although Plaintiff filed a §1983 action, he does not allege a federal constitutional violation against Defendants. Plaintiff's claim, at most, alleges a state law cause of action over a disputed probate issue.

In sum, even assuming that each fact alleged by Plaintiff is true, neither alone nor in combination do they amount to a constitutional violation. Because no constitutional violation occurred under the allegations Plaintiff has presented, Defendants cannot be held liable under § 1983 and Plaintiff's claim against them must be dismissed with prejudice.

## IV. Conclusion

This case is DISMISSED WITH PREJUDICE for FAILURE TO STATE A CLAIM and all pending motions are DENIED AS MOOT.

The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from this order, and any judgment entered hereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

This dismissal counts as a "strike" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

IT IS SO ORDERED this 5th day of June, 2007.

UNITED STATES DISTRICT JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.